**Opinion filed December 12, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00353-CR

_____

## MICHAEL KELLY WALKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 13703-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Michael Kelly Walker, has filed an untimely pro se notice of appeal from a judgment of conviction for the offense of burglary of a habitation. Pursuant to the terms of a plea agreement, the trial court assessed Appellant's punishment at confinement for ten years. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on October 4, 2019, and that his pro se notice of appeal was filed in the

district clerk's office on November 14, 2019. When the appeal was filed in this court, we notified Appellant that his notice of appeal was not timely and that the trial court had certified that this was a plea-bargain case in which Appellant had no right of appeal. We requested that Appellant respond to our letter and show grounds to continue.

Appellant has filed a response, but he has not shown grounds upon which this appeal may proceed. In his response, Appellant indicates that he filed a motion in the trial court in which he requested that the trial court grant him an out-of-time appeal. The trial court, however, is not authorized to grant an out-of-time appeal. The Court of Criminal Appeals is the only court with jurisdiction to grant an out-of-time appeal. *See Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court forty-one days after the sentence was suspended in open court and that no motion for new trial was filed. The notice of appeal was therefore untimely.

We note that Appellant did not file a motion for extension in this court within the prescribed fifteen-day period. *See* TEX. R. APP. P. 26.3(b). "When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal or

2

the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 522–23; *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

December 12, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.